STATE OF NORTH CAROLINA v. PERRY BYRUM

No. 7320SC803

.(Filed 19 December 1973)

**Criminal Law § 137— erroneous statement in judgment and commitment — correction — new trial not necessary**

Where the indictment charges defendant with possession of heroin for the purpose of sale, the judgment and commitment states that defendant pleaded not guilty to possession with intent to distribute and was found guilty of that crime, and the record shows that defendant actually pleaded not guilty to possession of heroin and that the verdict was guilty of simple possession of heroin, the defendant is entitled to have the judgment and commitment corrected but is not entitled to a new trial since G.S. 90-95 authorizes the same punishment for possession of heroin and possession of heroin with intent to distribute, and the punishment of five years imposed by the trial judge did not exceed the statutory limit for either offense.

APPEAL by defendant from *Winner, Judge,* 7 May 1973 Session of Superior Court held in UNION County.

Defendant was tried upon a bill of indictment charging possession of heroin for the purpose of sale, a violation of G.S. 90-95. Defendant pleaded not guilty to the charge of possession of heroin.

The State's evidence tended to show the following: On 13 July 1972, defendant was riding as a passenger in a taxicab just outside of Monroe, North Carolina. B. M. Lea, Special Agent with the North Carolina State Bureau of Investigation (S.B.I.), assigned to Union County for the purpose of drug investigation, stopped the taxicab in which defendant was a passenger. Before the vehicle had stopped, Lea observed a passenger throwing an object out of the right rear window of the taxicab. Lea retrieved the object, a plastic vial containing 24 aluminum foil packets of a white powdery substance. Lea arrested defendant, charging him with possession of heroin with intent to distribute. Lea transported the seized substance to the S.B.I. Laboratory in Raleigh. An analysis showed the substance to be heroin.

The defendant produced a witness who testified as to the defendant's good character. Defendant testified on his own behalf that on 13 July 1972 defendant and one James Meadows were riding in a taxicab to Monroe; that the taxicab was "boxed-

in" by a Highway Patrol car and another vehicle, forcing the cab to yield to a blue light and siren; and that Lea advised defendant he was under arrest for possession of heroin. Defendant admitted sitting in the right rear passenger seat of the taxicab, but denied any knowledge of the vial or its contents, or having seen the vial thrown from the taxicab.

Robert C. Robinson, driver of the taxicab in question, testified that he picked up defendant and Meadows; that he was stopped by law enforcement agents; and that he did not observe either passenger tossing anything out of the vehicle.

Defendant moved for a directed verdict of not guilty; the motion was denied. A verdict of guilty of possession of heroin was returned by the jury.

*Attorney General Morgan and Assistant Attorney General O'Connell for the State.*

*J. Tyrone Duncan for the defendant.*

BROCK, Chief Judge.

Defendant's sole argument on appeal is that the trial judge erred in overruling defendant's motion for a directed verdict of acquittal on the grounds that there was no evidence adduced at trial tending to prove that the purported possession of the heroin by defendant was for the purpose of sale, as charged in the bill of indictment. Defendant contends the evidence presented is only sufficient to support a charge of possession of heroin, thus establishing a fatal variance between pleading and proof. Defendant contends that the crucial element "for purpose of sale," as set forth in the indictment, is lacking in the verdict returned; therefore, the verdict is insufficient to support the judgment.

The indictment in this case charges possession of heroin for the purpose of sale. The record, in showing the plea, judgment and verdict, reflects that defendant entered a plea of "not guilty to the charge of possession of heroin," and that the verdict was "guilty of possession of heroin." The judgment and commitment as signed by the trial judge states that defendant pleaded not guilty to possession of heroin "with intent to distribute" and that defendant was found guilty of possession of heroin "with intent to distribute."

G.S. 90-95 authorizes the same punishment for either possession of heroin, or possession of heroin with intent to distribute. The punishment of five years imposed by the trial judge here did not exceed the statutory limit as prescribed for either offense.

"Mere technical error will not entitle defendant to a new trial; it is necessary that error be material and prejudicial and amount to a denial of some substantial right." 3 Strong, N. C. Index 2d, Criminal Law, § 167, p. 127.

We find no prejudicial error affecting a substantial right of defendant, entitling him to a new trial. It appears however that the judgment and commitment indicate that defendant was found guilty of possession of heroin with intent to distribute. It seems clear that the plea was only to the charge of possession and that the verdict was guilty of a charge of possession only. Although the authorized punishment is the same, we feel that the record should be conformed to reflect what actually transpired. We therefore remand the case to the Superior Court for a correction of the judgment to show that defendant pleaded not guilty to possession of heroin and that he was found guilty of possession of heroin. In order that the reference to intent to distribute may be stricken, the case is remanded for the purposes stated, but in the trial we find no error.

No error.

Judges MORRIS and CARSON concur.